Brassard, J.
BACKGROUND
This matter comes before the Court for disposition of plaintiffs motion to find that a notice of appeal was filed timely. The plaintiff, Robert H. Sarvis (“Sarvis”), brought a civil action personally and derivatively against the defendant corporation, ANB International Inc. (“ANB”) to recover assets. On July 19, 1994 the Court denied Sarvis’ motion for summary judgment and granted ANB’s motion for summary judgment. On July 29, 1994 the Court also denied Sarvis’ motion for reconsideration. On August 18, 1994 Sarvis prematurely filed a notice of appeal, prior to entry of judgment. The judgment was not entered until October 13, 1994. The clerk’s office did not process the appeal because the notice was filed prior to the entry of the judgment. Sarvis now contends that despite the premature filing, the notice of appeal should be declared timely filed. For the following reasons, the plaintiffs motion is DENIED.
DISCUSSION
The sole issue before this Court is whether plaintiffs August 18, 1994 notice of appeal is fatally premature. Pursuant to Mass. R.A.P. (4)(a) appellants are required to file a notice of appeal with the clerk’s office within thirty days of the date of the entry of judgment. See Swampscott Educ. Ass’n v. Swampscott, 391 Mass. 864, 865 (1984). The plain language of the rule suggests that a premature notice is ineffectual. As a matter of practice, however, courts have been lenient with such premature notices and generally upheld their effectiveness absent prejudice. Id. (premature filing allowed where no other party is prejudiced by that fact).
Sarvis asserts that Mass. R.A.P. (4)(a) mirrors Fed. R.A.P. 4(a)(2), which strictly allows premature filings. Contrary to Sarvis’ contention, Mass. R.A.P. (4)(a) is not identical to its federal counterpart. The federal rule provides that “a notice of appeal filed after the Court announces a decision or order but before the entry of the judgment or order is treated as filed on the date of and after entry.” Fed. R.A.P. (4)(a)(2). Under the prior federal rule, federal courts were divided as to whether premature appeals should be dismissed solely by reason of their prematurity or whether a finding of prejudice to the appellee ought to be an indispensable additional basis for dismissal. See Anthony v. Anthony, 21 Mass.App.Ct. 299, 301 (1985). Massachusetts courts opted for the latter approach, i.e., “the mere fact of a notice of appeal having been filed before entry of a final judgment would not trigger dismissal of the appeal, unless there were a showing of prejudice to the appellee. ” Id. (emphasis added).
The 1984 amendment to Mass. R.A.P. (4)(a)[1] addressed only notices of appeal filed before certain post-trial motions. That amendment did not overrule the Massachusetts case precedents requiring a finding of prejudice to dismiss appeals filed prior to entry of judgment. See Swampscott Ed. Ass’n, supra at 865-66; see also Cole v. Westinghouse Broadcasting Co., Inc., 386 Mass. 303, 307 (1982); and Hutchinson v. Hutchinson, 6 Mass.App.Ct. 705, 707 (1978).
Here, allowing Sarvis to go forward would unfairly prejudice ANB. The length of the delay in Sarvis’ prosecution of this action is far longer than any reported cases. Compare Karen Constr. Co. v. Lizotte, 396 Mass 143, 145 (1985) (thirteen-day delay after entry allowed) with Correira v. David, 5 Mass.App.Ct. 772, 773 (1977) (seventy-eight-day delay after entry disal *76 lowed) and Commonwealth v. Lopes, 21 Mass.App.Ct. 11 (1985) (two-year delay after entry disallowed). The notice of appeal was filed on August 18, 1994. The present motion was filed on January 25, 1999. Sarvis appears to have taken no steps to prosecute his appeal during a four and one-half year interval since the entry of judgment. Further, even on a finding of excusable neglect, extensions of time for filing a notice of appeal can not exceed one year from entry of judgment. See Mass. R.A.P. 14(b).
ORDER
Upon the facts presented and for the reasons stated above, plaintiffs motion to find notice of appeal filed timely is DENIED.

 Mass.R.Civ.P. 4(a) states in relevant part, “(F]or judgment under Rule 50(b); . . . 52(b) to amend or make additional findings of fact;... Rule 59 to alter or amend a judgment;... [or] under Rule 59 for a new trial... A notice of appeal filed before the disposition of any of the above motions shall have no effect.”